United States District Court
Southern District of Texas
**ENTERED**
May 28, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Finite Utility Consulting, Inc., | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | Civ. No. 4:23-cv-00432 |
| Tawa, Inc. (Retail), aka Tawa, Inc., et al. | § § § § § | |
| *Defendants.* | § | |

## ORDER ON DISCOVERY MOTIONS

The Court convened a hearing on May 28, 2024 to address certain discovery motions. Although Plaintiff Finite Utility Consulting, LLC ("Finite") had filed a motion for protective order to preclude discovery from third parties, *see* Dkt. 50, Finite withdrew that motion before the hearing, Dkt. 75. In addition, Defendants indicated that they had resolved most of the discovery disputes underlying their motion to compel against Finite. *See* Dkt. 53. The following summary recites the Court's oral rulings on the outstanding issues.

***Defendants' Interrogatory Nos. 16 and 20***. Finite agreed to provide the information sought in Interrogatory No. 20, which asks it to identify the supplier, supply contract duration, and amount of commission earned from clients who signed energy supply agreements through Finite between December 1, 2019 and April 21, 2021. *See* Dkt. 53-3 at 5. Finite must provide

this information by **June 7, 2024**. In addition, Finite must answer Interrogatory No. 16, which asks it to identify the number of clients who entered into energy supply contracts through Finite in 2020 in specific states. *See id.* at 4. This information bears on Defendants' challenges to Finite's damages theories. Moreover, because Finite already agreed to compile and provide information concerning its clients who entered into supply contracts, organizing this information by state would entail minimal additional burden.

***Defendants' Request for Production Nos. 106, 112, 113***. Defendant has demonstrated that the information sought in these requests, with certain clarifications and restrictions, is relevant and proportional to the needs of this case. Regarding Tom Lee's compensation (No. 106), the Court limits the documents to those reflecting Mr. Lee's compensation from Finite. For all three requests (Nos. 106, 112, and 113), the relevant timeframe is limited to 2020 and 2021. Mr. Lee's compensation, Finite's financial statements, and Finite's profit and loss statements during that period will reflect Finite's expenses. Those expenses, in turn, are relevant to resolving what expenses, if any, Finite avoided because Defendants allegedly breached their representation agreements with Finite.

***Defendant's Request for Production No. 114***. Finite stated that it does not possess a single document reflecting the gross amount of commissions earned, as sought in this request. The Court modifies this request and orders

2

that Finite produce documents that *collectively* are sufficient to reflect Finite's gross commissions for 2019, 2020, and 2021. This may include, but is not limited to, payment receipts, statements, or bank records showing wire transfers from various energy suppliers.

***Finite's motion to compel.*** Dkt. 72. This motion was not set for the May 28, 2024 discovery hearing. Nevertheless, the Court advised that (1) neither Finite *nor Defendants* can rely on their view of the merits to avoid discovery; (2) Defendants' discovery responses must make clear if any documents or information is being withheld; and (3) Defendants must at least identify by Bates number the attachments that correspond to emails they produced.

Defendants must file their response to Finite's motion to compel by **June 3, 2024**. No reply will be entertained. The Court will rule on the motion to compel without a hearing.

Signed on May 28, 2024, at Houston, Texas.

_____
Yvonne Y. Ho
United States Magistrate Judge