Case 4:23-cv-00432   Document 135   Filed on 03/31/25 in TXSD   Page 1 of 8

United States District Court
Southern District of Texas
**ENTERED**
March 31, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FINITE UTILITY CONSULTING, LLC, | § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. H-23-432 |
| TAWA INC. (RETAIL) a/k/a Tawa, Inc.; TAWA SUPERMARKET, INC.; TAWA RETAIL GROUP, INC. a/k/a Welcome California Market, Inc.; TAWA SERVICES, INC.; WELCOME MARKET, INC.; WELCOME SERVICES, INC.; and WALONG MARKETING, INC. a/k/a Walong Corporation, | § § § § § § § § § § | |
| Defendants. | § | |

| | | |
|---|---|---|
| TAWA RETAIL GROUP, INC. f/k/a Welcome California Market, Inc., | § § | |
| Counter-Plaintiff, | § § | |
| v. | § § | |
| FINITE UTILITY CONSULTING, LLC, | § § | |
| Counter-Defendant. | § | |

<u>ORDER ADOPTING RECOMMENDATION OF THE MAGISTRATE JUDGE</u>

Pending is Plaintiff/Counter-Defendant Finite Utility Consulting, LLC's ("Finite") Motion for Partial Summary Judgment (Document No. 85). The Court has received from the Magistrate Judge a Memorandum and Recommendation recommending that Finite's Motion for Partial Summary Judgment be denied (Document No. 120).

Finite has filed Objections (Document No. 123), to which Defendant/Counter-Plaintiff Tawa, Inc. ("Tawa") responded (Document No. 125).

Plaintiff Finite's case alleges that Defendants breached several multi-state brokerage contracts concerning electric energy utilities, for which Finite seeks damages and an award of attorneys' fees. Finite moves for partial summary judgment that Texas law applies to Finite's claims, which would permit it to recover attorneys' fees if it prevails on its breach of contract claims. The Magistrate Judge determined that California law applies to these contracts, and to the attorneys' fees issue. Under California law, attorneys' fees are not available to either party. The Magistrate Judge applied the "most significant relationship" test by considering the factors outlined in the RESTATEMENT (SECOND) CONFLICT OF L. §§ 6, 188, 196 (AM. L. INST. 1971). Both parties agree that this is the standard used in Texas. After meticulous consideration of the summary judgment evidence, the Restatement factors and applicable law, the Magistrate Judge found that the Restatement factors on balance weigh decidedly in favor of California. Thus, the Magistrate Judge recommends denial of Finite's motion for partial summary judgment.

In addition to its Objections to Recommendations of the Magistrate Judge, Finite moves for leave to submit additional evidence regarding the Texas-based location of its own

2

headquarters and of its importance, the offices of third-party suppliers from whom Finite requested pricing, the locations of other unrelated customers not parties to this suit, and various "business contacts." *See* Document No. 123 at 4. Finite sometimes calls this "new" evidence, but acknowledges that it is really not "new" and "may therefore be better characterized as additional evidence." Document No. 123 at 9.

This Court has "wide discretion" to allow or disallow additional evidence after a Magistrate Judge has issued a Memorandum and Recommendation. The Fifth Circuit has suggested several factors to consider:

> (1) The moving party's reasons for not originally submitting the evidence; (2) the importance of the omitted evidence to the moving party's case; (3) whether the evidence was previously available to the non-moving party when it responded to the summary judgment motion; and (4) the likelihood of unfair prejudice to the non-moving party if the evidence is accepted.

<u>Performance Autoplex II Ltd. v. Mid-Continent Cas. Co.</u>, 322 F.3d 847, 862 (5th Cir. 2003) (per curiam) (citing <u>Freeman v. Cnty. Of Bexar</u>, 142 F.3d 848, 853 (5th Cir. 1998)).

Finite effectively concedes the third factor of these four factors, admitting that "Finite did not submit the evidence at issue with its Motion because there was no need to do so. It was, as a result, not available to [Tawa] at the time they responded to the Motion." Document No. 123 at 10. This case had been pending

for nearly two years, and the extended discovery deadline had expired more than seven months before Finite filed its instant motion to present additional evidence it failed to disclose during the pretrial discovery phase. Document No. 68. "[E]vidence that was not properly produced during discovery cannot be used to support or oppose summary judgment." Reuter v. XTO Energy, Inc., No. 4:20-CV-01474, 2022 WL 2712860, at *2 (S.D. Tex. July 13, 2022) (Hanks, J.) quoting Morris v. Copart, No. 4:15-CV-724, 2016 WL 6608874 at *3 (E.D. Tex. Nov. 9, 2016).

Second, admission of the kind of additional evidence now presented by Finite would undoubtedly prejudice Tawa. See Id. ("[I]t is fundamentally unfair to allow Plaintiff to offer untimely disclosed evidence at this late stage."). Indeed, Tawa had no opportunity to inquire into or to test, or to challenge this additional evidence, or to depose witnesses that may have knowledge about its validity or invalidity, or to seek opposing or contradictory evidence. Finite's argument that Defendants "will not be prejudiced by permitting Finite to submit the evidence at issue" because "an award of attorneys' fees is discretionary with the Court. . . [and] Finite is not guaranteed to recover its fees," completely evades the substantive conflict of law issue raised by Finite's Motion for Partial Summary Judgment. Document 123 at 11. Likewise, Finite's argument that if Texas law applies, Tawa "could benefit" because Tawa could recover attorney's fees" "if it

4

prevails on its own breach of contract" counterclaims. Id. at 10. The Court must rule in the context of the case actually presented, not on serial hypotheticals. Tawa, given the facts of this case, clearly would be prejudiced by permitting Finite now to present additional evidence that at all times has been in Finite's possession, evidence that Finite could have presented to Tawa during the discovery phase, and evidence that Finite could have submitted in support of its Motion for Partial Summary Judgment filed in June 2024.

Turning to a third of the factors, Finite's ostensible reason for its not having previously produced the additional evidence is that the Magistrate Judge in her Memorandum and Recommendation, in which she cited and discussed many cases, also cited and discussed two district court decisions that neither party had chosen to cite or discuss in their briefs. Document No. 123 at 6, 9. Alluding to those two decisions, Finite contends that the Magistrate Judge's recommendations "rely heavily on some cases and facts not addressed by the parties' arguments" and while "Finite did offer evidence on related points, including the location of Finite's office and Finite's work (both in general and for Defendants)," it could offer more evidence if allowed to do so now. Id. at 9, 10. A claim that one could disclose and offer *more* evidence after the Magistrate Judge has issued a full opinion and recommendation on a well-briefed motion for partial summary judgment is not a

5

persuasive reason "for not originally submitting the evidence." Performance Autoplex II Ltd., 322 F.3d 856; *see also* Freeman, 142 F.3d. at 852 (parties cannot "use the magistrate judge as a mere sounding board for the sufficiency of the evidence").

The last of the four factors--the import of the evidence--does not carry the day for Finite. Finite emphasizes the importance of its Texas offices and those of its suppliers. The Magistrate Judge in her Memorandum and Recommendation recognized the location of Finite's Texas offices and its dealings in Texas but found that Finite's Texas location was incidental to the work itself, which concerned contracting for utility rates for physical facilities all of which were outside of Texas, and with nearly all of those facilities being located in California. This comports with the Restatement, which explains that "place of performance" is "the state where the contract requires that the services, or a major portion of the services, be rendered." RESTATEMENT (SECOND) OF CONFLICT OF L. § 196 cmt. c ("Indeed, it can often be assumed that the parties, to the extent that they thought about the matter at all, would expect that the local law of the state where the services, or a major portion of the services, are to be rendered would be applied to determine many of the issues arising under the contract.").

After carefully considering all four factors suggested by the Fifth Circuit in deciding whether to allow additional evidence to

be presented after a Magistrate Judge's Memorandum and Recommendation has been issued, the Court finds that Finite has not offered a plausible or cogent reason for allowing the proffered additional evidence; that what Finite offers as additional evidence lacks consequential importance because it largely duplicates and expands on what Finite already presented to the Court regarding its Texas location and the importance of its work there; that the proposed additional evidence admittedly has always been available to Finite and could have been disclosed long ago and submitted in support of Finite's motion for partial summary judgment; and that Tawa would be unfairly prejudiced if Finite could now reopen the evidence. Accordingly, Finite's motion for leave to file additional evidence is DENIED.

The Court, after having made a *de novo* determination of the Motion for Partial Summary Judgment, is of the opinion that the findings and recommendations of the Magistrate Judge are correct and should be and hereby are accepted by the Court in their entirety.

Accordingly, it is ORDERED and ADJUDGED for the reasons set forth in the Memorandum and Recommendation of the United States Magistrate Judge signed and filed on November 27, 2024 (Document No. 120), which is adopted in its entirety as the opinion of this Court, that Plaintiff/Counter-Defendant Finite Utility Consulting,

LLC's Motion for Partial Summary Judgment (Document No. 85) is DENIED.

The Clerk will enter this Order, providing a correct copy to all counsel of record.

SIGNED at Houston, Texas, on this 31ST day of March, 2025.

                                        EWING WERLEIN, JR.
                                   UNITED STATES DISTRICT JUDGE