IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FINITE UTILITY CONSULTING, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. H-23-432 |
| | § | |
| TAWA INC. (RETAIL) a/k/a Tawa, | § | |
| Inc.; TAWA SUPERMARKET, INC.; | § | |
| TAWA RETAIL GROUP, INC. | § | |
| a/k/a Welcome California | § | |
| Market, Inc.; TAWA SERVICES, | § | |
| INC.; WELCOME MARKET, INC.; | § | |
| WELCOME SERVICES, INC.; and | § | |
| WALONG MARKETING, INC. a/k/a | § | |
| Walong Corporation, | § | |
| | § | |
| Defendants. | § | |

| | | |
|---|---|---|
| TAWA RETAIL GROUP, INC. f/k/a | § | |
| Welcome California Market, Inc., | § | |
| | § | |
| Counter-Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| FINITE UTILITY CONSULTING, LLC, | § | |
| | § | |
| Counter-Defendant. | § | |

## ORDER ADOPTING RECOMMENDATION OF THE MAGISTRATE JUDGE

Pending is Defendant/Counter-Plaintiffs Tawa, Inc., Tawa Supermarket, Inc., Tawa Retail Group, Inc., Tawa Services, Inc., Welcome Market, Inc., Welcome Services, Inc., and Walong Marketing, Inc.'s (collectively "Tawa") Motion for Summary Judgment (Document No. 81), to which Plaintiff Finite Utility

Consulting, LLC ("Finite") has filed its Response in opposition. The Magistrate Judge in a Memorandum, Order, and Recommendation (Document No. 127) recommends that Tawa's Motion for Summary Judgment be granted and, as well, in the same Order grants Tawa's Motion to Exclude Expert Testimony of a Retained Expert, German Ibanez (Document No. 79), and grants Tawa's Motion to Exclude Rebuttal Expert Testimony of Non-Retained, Thomas Lee (Document No. 84).[1]  Plaintiff Finite timely filed objections to the Magistrate Judge's Order granting Tawa's motions to exclude the testimony of Finite's expert German Ibanez and to exclude the new rebuttal testimony of Finite's non-retained expert Thomas Lee; and Plaintiff Finite further objects to the Magistrate Judge's recommendation that summary judgment be granted to Tawa (Document No. 134).  Additionally, Plaintiff Finite in the alternative requests (i) leave to submit revised damages calculations and (ii) leave to designate a replacement expert witness.

Motions to exclude the testimony of an expert witness and a rebuttal witness ordinarily are non-dispositive motions and the Magistrate Judge's orders are reviewed on a standard of whether they are clearly erroneous or contrary to law.  FED. R. CIV. P. 72(a).  Because Plaintiff's only putative proof of damages is the proffered expert testimony of Ibanez, however, his testimony is

---

[1] Thomas Lee is the Vice President of Plaintiff Finite.

foundational to the Magistrate Judge's recommendation to grant summary judgment for Tawa. Therefore, the Court has reviewed *de novo* the Magistrate Judge's disposition of Tawa's motion to exclude the testimony of Ibanez, the same standard as applied to Tawa's motion for summary judgment. Id. 72(b)(3).

The Court finds that the Magistrate Judge's Order granting Tawa's Motion to Exclude Rebuttal Testimony of Plaintiff's Non-Retained Expert, Finite's Vice President Thomas Lee (Document No. 84) is not clearly erroneous or contrary to law, and Plaintiff's objections to that Order are in all things DENIED.

After having made a *de novo* determination of Tawa's motion to exclude Finite's expert testimony (Document No. 79) and of Tawa's Motion for Summary Judgment (Document No. 81), the Court is of the opinion that the Magistrate Judge's Order granting the motions to exclude Finite's expert testimony, and the Findings and Recommendations of the Magistrate Judge on Tawa's Motion for Summary Judgment are correct and should be and hereby are accepted by the Court in their entirety.

The Court has also carefully considered Plaintiff's Alternative Requests for Leave to Submit Revised Damages (Document No. 134 at 28) and for Leave to Designate a Replacement Expert Witness (Document No. 134 at 31). This is not the first time that Finite has asked for a mulligan, so to speak, after its initial evidentiary submissions and legal analyses were found to be

inadequate and in error by the Magistrate Judge in a thoroughly researched and well-documented Order. *See* Order Adopting Recommendation of the Magistrate Judge (Document No. 135). Once again, the Court follows the Fifth Circuit's suggestion that several factors be considered when a request is made to allow additional or different evidence after a Magistrate Judge has issued a Memorandum and Recommendation:

> (1) The moving party's reasons for not originally submitting the evidence; (2) the importance of the omitted evidence to the moving party's case; (3) whether the evidence was previously available to the non-moving party when it responded to the summary judgment motion; and (4) the likelihood of unfair prejudice to the non-moving party if the evidence is accepted.

Performance Autoplex II Ltd. v. Mid-Continent Cas. Co., 322 F.3d 847, 862 (5th Cir. 2003) (per curiam) (citing Freeman v. Cnty. Of Bexar, 142 F.3d 848, 853 (5th Cir. 1998)) (the "Freeman factors").

First, Finite fails to offer a meritorious reason for not having initially and timely presented expert testimony that complies with the requirements of Federal Rule of Evidence 702. Finite states it can do so now--among other things--by using the terms of years agreed in Tawa's actual contracts, and using actual commission rates that Finite earned in other instances. Document No. 134 at 28. Finite asserts this will not be "technically . . . 'new evidence' since it is based on existing evidence already before the Court." Id. at 29. Finite excuses itself for not presenting expert opinion evidence based on actual

4

data by claiming it needed to show only "a genuine issue of material fact as to damages." Id. But one cannot raise a genuine issue of material fact without admissible evidence "such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby Inc., 105 S.Ct. 2505, 2510 (1986). As found by the Magistrate Judge, Ibanez calculated damages by using a maximum commission rate found in a solitary Direct Energy brokerage agreement, which was unsupported in the evidence, and "without considering Finite's commissions in other deals, industry standards, or even Ibanez's own energy brokerage experience, [which] is inadmissible *ipse dixit*." Document No. 127 at 21-22.

Expert testimony offered under Rule 702 is to "help the trier of fact to understand the evidence or to determine a fact in issue;" and the Court as gatekeeper must find it is more likely than not that "the testimony is "based on sufficient facts or data." FED. R. EVID. 702(a) & (b). As for the first Freeman factor, there is no reason for Plaintiff not having secured reliable opinion testimony from an expert who would consider the available data to reach a *reliable* opinion, which is the keystone of Rule 702. "[P]roponents 'do not have to demonstrate to the judge by a preponderance of the evidence that the assessments of their experts are correct, they only have to demonstrate by a preponderance of the evidence that their opinions are reliable.'" FED. R. EVID. 702

Advisory Committee's Note to 2000 amendment (quoting <u>In re Paoli</u> <u>R.R. Yard PCB Litigation</u>, 35 F.3d 717, 744 (3rd Cir. 1994)).

Plaintiff suggests in its Objections that Tawa could attack Ibanez's opinions on cross-examination, and that the expert opinion goes to "its weight and not [its] admissibility." Document No. 134 at 6 (citing <u>Suzlon Wind Energy Corp. v. Shippers</u> <u>Stevedoring Co.</u>, 662 F.Supp. 2d 623, 667 (S.D. Tex. 2009)). On this Plaintiff is mistaken. In fact, it was this kind of error--the admission of inadequately supported and flawed opinion evidence--that led to the recent 2023 amendment to Rule 702. The amendment added language that the proponent of the expert testimony must "demonstrate[] to the Court that it is *more likely than* not" that the four requirements of Rule 702 are met. FED. R. EVID. 702 (emphasis added).[2] The Advisory Committee Notes on the 2023 amendment observe that "many courts have held that the critical questions of the sufficiency of the expert's basis, and the application of the expert's methodology, are questions of weight and not admissibility. These rulings are an incorrect application of Rules 702 and 104(a)." Hence, the Committee "concluded that emphasizing the preponderance standard in Rule 702 specifically

---

[2]  The amendment became effective December 1, 2023. Plaintiff's expert designations and reports were not due until January 29, 2024, after the 2023 amendment was in effect. Document No. 39.

was made necessary by the courts that have failed to apply correctly the reliability requirements of that rule." Id.

Here, the Court cannot find from a preponderance of the evidence that Ibanez's methodology, which ignored virtually all facts and data available, reflected "a reliable application of the principles and methods to the facts of the case." FED R. EVID. 702(d). All of this is well analyzed by the Magistrate Judge in her Order. Finite failed to present an expert with a reliable opinion based on the available facts and data. Moreover, Finite's argument that it would have been overly burdensome to "provide variant calculations for every possible alternative iteration of damages" misses the point. Document No. 134 at 29. The issue here is one of quality, not quantity. It was Finite's burden to ensure the admissibility of its expert testimony. *See* United States v. Kuhrt, 788 F.3d 403, 420 (5th Cir. 2015) (citing Moore v. Ashland Chemical, Inc., 151 F.3d 269, 276 (5th Cir.1998)). Finite has no plausible reason for not having done so. The first Freeman factor weighs heavily against Finite being allowed to do it all over again.

Second, it is likely that Plaintiff, if permitted to start over with a reasonable damage model using the available facts and data may be able to procure an expert opinion that could be important to its case. This possibility is mitigated, however, because the facts and data needed for an expert to form a reliable

opinion were available to Plaintiff when it disclosed Ibanez's report. As Plaintiff concedes, Plaintiff has no "new evidence" but only wishes to re-calculate based on "existing evidence already before the Court." Document No. 134 at 29. Under these circumstances, the second factor weighs against starting over.

Third, as already observed, the basic evidence necessary to formulate a reliable expert opinion on damages in this case--in addition to the data contained in Finite's business records--was available or became available to Plaintiff during the course of pretrial discovery. Plaintiff did not avail itself to that evidence and present an expert witness offering a reliable opinion using the known facts and data. Instead, Plaintiff presented an exaggerated damages model in which Ibanez, without supporting evidence, multiplied by three (for a hypothetical three years) the highest possible commission rate from a single contract, and called the product his opinion of Finite's damages on each one of all of Tawa's contracts in four states, regardless of the actual length of such contracts or the actual commissions agreed in those or comparable contracts. This formula was wholly without support in the evidence. This factor weighs heavily against Plaintiff's request.

Fourth, if Plaintiff were now permitted to start over with a new damages model, Defendant Tawa would be highly and unfairly prejudiced. The enlarged discovery cut-off date was June 7, 2024,

nearly a full year ago.  Document No. 68.  The enlarged cut-off
date for Plaintiff's expert designations was January 29, 2024, a
full 16 months ago.  Document No. 39.  To start over now with new
expert designations, new reports, reopened discovery at least for
depositions and the like, would be unduly burdensome, highly
prejudicial to Tawa, and render meaningless the deadlines the Court
previously extended pursuant to agreements by the parties, not to
mention the enormous amounts of attorney time and judicial
resources expended on this case during the past year and a half.

Accordingly, Plaintiff's Alternative Request to Submit
Revised Damages Calculations is DENIED.  Likewise, and essentially
for the same reasons, Plaintiff's Alternative Request for Leave to
Designate Replacement Expert Witness (Document No. 134 at 31) is
also DENIED.  It is therefore

ORDERED and ADJUDGED that Plaintiff/Counter-Defendant Finite
Utility Consulting, LLC's Objections (Document No. 134) in all
things are DENIED; and it is further

ORDERED and ADJUDGED for the reasons set forth in the
Memorandum, Order, and Recommendation of the United States
Magistrate Judge (Document No. 127) signed and entered February
13, 2025, which is adopted in its entirety as the Opinion of this
Court, as supplemented by the additional reasons stated herein,
that Tawa's motion to exclude Finite's expert testimony (Document
No. 79) is GRANTED; Tawa's Motion for Summary Judgment (Document

No. 81) is GRANTED; and Plaintiff Finite Utility Consulting, LLC shall take nothing against Defendants Tawa, Inc., Tawa Supermarket, Inc., Tawa Retail Group, Inc., Tawa Services, Inc., Welcome Market, Inc., Welcome Services, Inc., and Walong Marketing, Inc., and Plaintiff Finite's action is DISMISSED on the merits WITH PREJUDICE.

The Clerk will enter this Order, providing a correct copy to all counsel of record.

SIGNED at Houston, Texas, on this 29TH day of May, 2025.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE